Ian McIntosh
Whitney M. Kolivas
CROWLEY FLECK PLLP
45 Discovery Drive
P.O. Box 10969
Bozeman, MT 59719-0969
Telephone:  (406) 556-1430
Facsimile:  (406) 556-1433

*Attorneys for the Ford Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT KOVACK and CONNIE DARKO, as Personal Representatives of the Estate of Shelby Rae Kovack, on Behalf of the Heirs and Estate of Shelby Rae Kovack, <br><br> Plaintiffs, <br><br> vs. <br><br> FORD MOTOR COMPANY; TRW AUTOMOTIVE U.S., LLC; TRW VEHICLE SAFETY SYSTEMS, INC.; FORD MOTOR CREDIT COMPANY, LLC; and BISON MOTOR CO.; <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Cause No. _____ <br><br> **FORD MOTOR COMPANY AND FORD MOTOR CREDIT COMPANY LLC'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Ford Motor Company and Ford Motor Credit Company, LLC, (collectively "Ford Defendants") submit this Notice of Removal, removing *Robert Kovack and Connie Darko v. Ford Motor Company; TRW Automotive U.S., LLC; TRW Vehicle Safety Systems, Inc.; Ford Motor Credit Company, LLC; and Bison Motor Co.*, DDV 13-780, from the Montana Eighth Judicial District Court, Cascade County, to the United States District Court for the District of Montana, Great Falls Division.  In support of this Notice of Removal, the Ford Defendants state as follows:

1.      This action has been removed to federal court based upon the following federal jurisdictional basis:  diversity of citizenship under 28 U.S.C. § 1332.

2.      On October 11, 2013, Plaintiffs Robert Kovack and Connie Darko, as Personal Representatives of the Estate of Shelby Rae Kovack, on behalf of the Heirs and Estate of Shelby Rae Kovack, filed a Complaint against the Ford Defendants, and others, in the Montana Eighth Judicial District Court, Cascade County, Cause No. DDV-13-780.  (Compl., attached hereto as Exhibit A.) Plaintiffs allege they are citizens of the State of Montana.  (Exhibit A (Compl.), ¶ 1.)  The Complaint identified one defendant as being a citizen of Montana:

"Bison Motor [Company] is a Montana corporation with its principal place of business at 500 10th Avenue South, Great Falls, Cascade County, Montana[.]" (Exhibit A (Compl.), ¶ 10.)  But, as discussed below, the citizenship of Bison Motor Company should be disregarded for purposes of removal because it has been fraudulently joined.  All other defendants are citizens of states other than Montana.

3.    The Complaint asserts the following claims relating to the death of Shelby Rae Kovack:  (1) Strict Liability – Design Defects; (2) Strict Liability – Failure to Warn; (3) Negligence (Ford Motor Company, TRW Automotive U.S., LLC, and TRW Vehicle Safety Systems, Inc. only); and (4) Punitive Damages (Ford Motor Company, TRW Automotive U.S., LLC, and TRW Vehicle Safety Systems, Inc. only).

4.    Pursuant to 28 U.S.C. § 1332(a), the United States District Court for the District of Montana has jurisdiction for the removal of this state action. First, the lawsuit is comprised entirely of a civil nature.  Second, this action falls within an exception to the requirement for complete diversity of citizenship because the only non-diverse defendant has been fraudulently joined.  Because the sole Montana defendant has been fraudulently joined, it should be disregarded for purposes of removal.  *Hunter v. Philip Morris USA*,

582 F.3d 1039, 1043 (9th Cir. 2009).  And, third, the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs.

**Diversity of Citizenship**

While there is not complete diversity between the Plaintiff and all named defendants, the sole non-diverse defendant has been fraudulently joined and therefore this action falls within an exception to the complete diversity requirement of 28 U.S.C. §§ 1332(a), 1441(b).  As explained below, Defendant Bison Motor Company should be disregarded for purposes of removal.

5.a.   <u>Plaintiffs</u>

Plaintiffs Robert Kovack and Connie Darko are citizens and residents of Sand Coulee, Cascade County, Montana.  (Exhibit A (Compl.), ¶ 1.)

5.b.   <u>Diverse Defendants</u>

Defendant Ford Motor Company was and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Michigan.  Ford Motor Company's citizenship is therefore diverse from Plaintiffs' citizenship.  (Exhibit A (Compl.), ¶ 2.)

Defendant TRW Automotive U.S. LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Michigan.  (*See* Exhibit A (Compl.),

¶ 3.)  The sole member of TRW Automotive U.S. LLC is TRW Automotive Inc.  TRW Automotive Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Michigan.  TRW Automotive U.S. LLC's citizenship is diverse from Plaintiffs' citizenship.

Defendant TRW Vehicle Safety Systems Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business in the State of Michigan.  (*See* Exhibit A (Compl.), ¶ 4.)  TRW Vehicle Safety Systems Inc.'s citizenship is therefore diverse from Plaintiffs' citizenship.

Defendant Ford Motor Credit Company LLC is a limited liability company existing under the laws of the State of Delaware, with its principal place of business in the State of Michigan.  The sole member of Ford Motor Credit Company LLC is Ford Holdings LLC.  Ford Holdings LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Michigan.  (Exhibit A (Compl.), ¶ 7.)  The sole member of Ford Holdings LLC is Ford Motor Company, a Delaware corporation as described above.  The citizenship of Ford Motor Credit Company, LLC, is therefore diverse from Plaintiffs' citizenship.

5.c.   <u>Non-Diverse Defendant</u>

Generally, an action may be removed to federal court only where there is complete diversity of citizenship.  28 U.S.C. §§ 1332(a), 1441(b).  However, "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"  *Hunter*, 582 F.3d at 1043 (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). Fraudulent joinder is a term of art.  *Morris*, 236 F.3d at 1067; *see also Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) ("When speaking of jurisdiction, 'fraudulent' is a term of art.").  "Although false allegations of jurisdictional fact may make joinder fraudulent[,] in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives."  *Poulos*, 959 F.2d at 73 (internal citations omitted).

The Ninth Circuit has determined that joinder is fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  *Hunter*, 582 F.3d at 1043 (internal quotes omitted); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  There are two ways to establish fraudulent

joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter*, 582 F.3d at 1044 (internal quotes omitted).

Here, Bison Motor Company has been fraudulently joined because the Plaintiffs cannot establish a cause of action against Bison Motor Company in state court, and their inability to do so is obvious according to the settled rules of the state. *Id.* at 1044. Under Montana products liability law, "sellers" can generally be held strictly liable for the damage caused by a product sold by the seller in a defective condition unreasonably dangerous to a user or consumer if: (1) the seller is engaged in the business of selling the product; and (2) the product is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. Mont. Code Ann. § 27-1-719(2). In connection with products liability, a "seller" means a manufacturer, wholesaler, or retailer. Mont. Code Ann. § 27-1-719(1).

This general rule regarding the liability of sellers, however, is altered with respect to automobile dealers. Section 61-4-204(4), MCA, limits an automobile dealer's responsibility for products liability, shifting responsibility onto the manufacturer. Mont. Code Ann. § 61-4-204(4). Automobile manufacturers are required to file with the Department of Justice a copy of an

automobile dealer's "delivery and preparation obligations required to be performed by a dealer prior to the delivery of a new motor vehicle to a buyer." Mont. Code Ann. § 61-4-204(4).  These delivery and preparation obligations constitute a new car dealer's only responsibility for products liability.[1]  *Id.*

Here, Plaintiffs have asserted two products liability claims against Bison Motor Company:  Count I Strict Liability – Design Defects; and Count II Strict Liability – Failure to Warn.  (Exhibit A (Compl.), ¶¶ 15-24.)  Pursuant to § 61-4-204(4), MCA, Bison Motor Company's responsibility for products liability claims relating to the delivery of new motor vehicles is limited to the delivery and preparation obligations on file with the Department of Justice.  Plaintiffs' design defect and failure to warn claims do not stem from Bison Motor Company's delivery and preparation obligations.  (*See* Exhibit A (Compl.), ¶¶ 15-24.)  Indeed, the delivery and preparation obligations are not mentioned in Plaintiffs' Complaint.  (*See* Exhibit A (Compl.), ¶¶ 15-24.)  Consequently, responsibility for the only two products liability claims, if any, Plaintiffs have asserted against Bison Motor Company falls on Ford Motor Company – the manufacturer of the vehicle at issue.  *Id.*

---

[1] According to the allegations in Plaintiffs' Complaint, Bison Motor Company sold the subject vehicle new to a person other than Plaintiffs.  (Exhibit A (Compl.), ¶ 9.)  Plaintiff Darko subsequently purchased the vehicle in a private sale from someone other than Bison Motor Company.  (*Id.*)

Because, under Montana law, Ford Motor Company bears responsibility, if any, for the products liability claims asserted in Plaintiffs' Complaint, these claims fail to the extent they are asserted against Bison Motor Company. This failure is apparent according to the settled rules of the State of Montana. *Hunter*, 582 F.3d at 1043-44; Mont. Code Ann. § 61-4-204(4). In fact, in accordance with § 61-4-204(4), MCA, Bison Motor Company has requested that Ford Motor Company defend and indemnify Bison Motor Company. (*See* Ltr. Sewell to Weingarten (Oct. 23, 2013), attached hereto as Exhibit B.) As a result, Bison Motor Company should be disregarded for purposes of removal. The requisite diversity of citizenship therefore exists between Plaintiffs and the remaining Defendants and removal is proper.

## The Amount in Controversy Requirement

6. Despite seeking an unspecified amount in damages, the allegations in the Complaint demonstrate that the amount in controversy exceeds the requisite $75,000. *See* 28 U.S.C. § 1446(c)(2); Mont. Code Ann. § 25-4-311 (damages for personal injury or wrongful death may not be stated in a claim for relief). Paragraph 37 of the Complaint asserts a survival cause of action, alleging that Shelby Rae Kovack "suffered serious injuries and did not die instantly." The damages sought include "mental and physical pain and

suffering, lost wages and loss of earning capacity, loss and destruction of his established course of life, medical, funeral and burial expenses."  (Exhibit A (Compl.), ¶ 37.)  Paragraph 38 of the Complaint asserts a wrongful death cause of action, alleging that Shelby Rae Kovack is survived by Plaintiffs Robert Kovack and Connie Darko, in addition to her sister and brother.  The damages sought include "the loss of Shelby's counsel, protection, aid, guidance, comfort, and society, and mental anguish[.]"  (Exhibit A (Compl.), ¶ 38.)  Further, the Prayer for Relief seeks to recover all damages allowed by law, including all economic and non-economic damages, survival damages, and wrongful death damages, in addition to all costs and interest.  Additionally, in paragraphs 35 through 36 of the Complaint and the Prayer for Relief, the Plaintiffs seek punitive damages in excess of the actual damages alleged.  Based on these allegations, the Ford Defendants respectfully assert that the amount in controversy in this litigation exceeds the $75,000 jurisdictional threshold necessary to establish diversity jurisdiction.

**The Remaining Requirements for Removal Have Been Met**

7.    The Complaint was formally served on the Ford Defendants on October 22, 2013.  This Notice of Removal is filed within thirty (30) days of service and is timely pursuant to 28 U.S.C. § 1446(b).

8.      All Defendants consent to this Notice of Removal.

9.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the Notice of Removal will be promptly served upon all other parties, and the Ford Defendants will promptly file a copy of the notice with the Clerk of Court for the Montana Eighth Judicial District Court, Cascade County.

10.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in this matter in the Eighth Judicial District Court, Gallatin County, Montana are attached to this Notice of Removal with Exhibit A.

11.     The Ford Defendants state that no hearings are currently set in the state court proceeding and no trial date has been set.

12.     No previous application has been made for the relief requested herein.

13.     By filing the Notice of Removal, the Ford Defendants do not waive any defenses that may be available to contest Plaintiffs' allegations made in the Complaint.

WHEREFORE, Defendants Ford Motor Company and Ford Motor Credit Company, LLC, respectfully request that this case be removed.

//

//

DATED this 20th day of November, 2013.

CROWLEY FLECK PLLP

By /s/ Ian McIntosh
    Ian McIntosh
    Whitney M. Kolivas
    P.O. Box 10969
    Bozeman, MT 59719-0969

    *Attorneys for the Ford Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon the following counsel of record by the means designated below this 20th day of November, 2013.

[X]  U.S. Mail             Dennis P. Conner
[ ]  Hand Delivery        Conner & Marr, PLLP
[ ]  Facsimile            520 Third Ave. North
[ ]  FedEx                P.O. Box 3028
[ ]  E-Mail               Great Falls, MT 59403-3028
                          *Attorneys for Plaintiffs*

[X]  U.S. Mail             Maxon R. Davis
[ ]  Hand Delivery        101 River Drive North
[ ]  Facsimile            Milwaukee Station, 3rd Floor
[ ]  FedEx                Great Falls, MT 59401
[ ]  E-Mail               *Attorneys for TRW Defendants*

[X]  U.S. Mail             R.J. "Jim" Sewell, Jr.
[ ]  Hand Delivery        Smith Law Firm, P.C.
[ ]  Facsimile            P.O. Box 1691
[ ]  FedEx                Helena, MT 59624
[ ]  E-Mail               *Attorneys for Bison Motor Co.*

[X]  U.S. Mail             Dan L. Spoon
[ ]  Hand Delivery        Spoon Gordon Ballew, PLLP
[ ]  Facsimile            P.O. Box 8869
[ ]  FedEx                Missoula, MT 59807
[ ]  E-Mail               *Attorneys for Bison Motor Co.*

                           /s/ Ian McIntosh
                          Ian McIntosh
                          Whitney M. Kolivas