IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT KOVACK and CONNIE DARKO, as personal representatives of the Estate of Shelby Rae Kovack, <br><br> Plaintiffs, <br><br> vs. <br><br> FORD MOTOR COMPANY; TRW AUTOMOTIVE, LLC., TRW VEHICLE SAFETY SYSTEMS, INC.; FORD MOTOR CREDIT COMPANY, LLC; and BISON MOTOR CO., <br><br> Defendants. | CV-13-98-GF-DLC-RKS <br><br> **FINDINGS AND RECOMMENDATION TO REMAND CASE TO MONTANA DISTRICT COURT** |

**I. Synopsis**

Defendants contend this court has diversity jurisdiction because a Montana statute precludes Plaintiff's claims against the only in-state defendant. Plaintiffs disagree. The crux of the dispute is whether the statute at issue immunizes a car dealership from strict products liability or merely ensures their right to indemnity. Defendants have not shown that Montana has definitively resolved the question in

1

their favor. Therefore Plaintiffs have at a least a chance of success on the claim and are entitled to remand.

## II. Jurisdiction

Defendants properly removed this case pursuant to 28 U.S.C. §§ 1441(a) and 1446. If this court has subject matter jurisdiction, it arises from U.S.C. § 1332, on the basis of diversity of the parties. However, diversity is disputed. It is discussed in the remainder this Order. No basis for federal jurisdiction except for diversity has been asserted. No party has disputed personal jurisdiction, which appears to exist over all parties because they reside in Montana or have done substantial business in the state. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b).

## III. Status

Plaintiffs filed the Complaint in Montana's Eighth Judicial District, Cascade County. Defendants removed, asserting diversity jurisdiction. Plaintiffs filed a Motion to Remand, Doc. 16. The motion is fully briefed. Docs. 17, 23, 24.

## IV. Standards

The party seeking removal has the burden to establish removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant seeking removal to the federal court is entitled to present facts showing joinder of a resident defendant to be fraudulent. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313,

1318 (9th Cir. 1998).

The presence of a fraudulently joined defendant will not defeat removal on diversity grounds. *Id.* "Fraudulent joinder" is a term of art; joinder of a resident defendant is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state. *Id.*

To establish fraudulent joinder, the defendant must demonstrate that the plaintiff failed to assert a valid state law claim against the resident defendant. *Id.* The failure must be obvious according to the settled rules of the state. *Id.* If there is a possibility that a state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to the state court. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

## V. Facts

Shelby Kovack was killed when the 2001 Ford Explorer she was driving rolled in August 2012. Her parents are suing on behalf of her estate. They allege Defendants are liable under negligence and strict liability theories. Doc. 10.

Ms. Kovacks's mother purchased the vehicle from another individual in 2011. That individual bought the vehicle from Bison Motors in 2002. Plaintiffs

allege strict products liability and negligence claims. Bison Motors is named only in the strict products liability claims. Doc. 10.

Plaintiffs and Bison Motors are both citizens of Montana. Doc. 10 (Complaint) at 1; Doc. 5 (Answer) at 4. The remaining Defendants are citizens of states other than Montana. Thus, diversity jurisdiction depends on Bison Motors; if Bison Motors is considered in the analysis, diversity does not exist. If Bison Motors is disregarded, there is federal diversity jurisdiction.

## VI. Analysis

Defendants argue that Bison Motors should be disregarded because it is fraudulently joined. Defendants rely on Mont. Code Ann. § 61-4-204(4), which states in pertinent part:

> A [motor vehicle] manufacturer shall file with the Department [of Justice] a copy of the delivery and preparation obligations required to be performed by a dealer prior to delivery of a new motor vehicle to a buyer. These delivery and preparation obligations constitute the dealer's only responsibility for product liability as between the dealer and the manufacturer.

Defendants contend that this statute immunizes Bison Motors from products liability except for anything resulting from delivery or preparation obligations. Bison Motors is named only in the products liability claims, which do not allege liability arising from delivery or preparation of the vehicle. Therefore, Defendants argue, there is no legitimate claim against Bison Motors. Docs. 1, 23.

4

Plaintiffs dispute Defendants' interpretation of the statute. Plaintiffs argue that the statute does not immunize Bison Motors from suit, but merely codifies and demarcates their common-law right to indemnity. Plaintiffs stress the final clause: **"as between the dealer and the manufacturer."** So, according to Plaintiffs, they have a products liability claim against Bison under Montana's general products liability statute,[1] and 61-4-204(4) only pertains to how Bison and Ford sort things out between themselves. Docs. 17, 24.

No Montana case cites 61-4-204(4) at all. A few extra-jurisdictional cases and secondary sources cite the statute among others, without analysis. Plaintiffs contend that the legislative history demonstrates that the statute provides only a right to indemnity, not immunity, to auto dealers. Defendants argue that the plain language of the statute is dispositive in their favor, but that the legislative history further proves there is no cause of action against Bison Motors in this case.

**A. Legislative history**

Plaintiffs note that the chief sponsor of the legislation testified that the bill

---

[1] Mont. Code Ann. 27-1-719(2): A person who sells a product in a defective condition unreasonably dangerous to a user or consumer or to the property of a user or consumer is liable for physical harm caused by the product to the ultimate user or consumer or the user's or consumer's property if: (a) the seller is engaged in the business of selling the product, and (b) the product is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"propose[d] the regulation of the relations between the new car dealers and the factory . . . cover[ing] a number of different areas such as licensing, liability, appeals, etc." Docs. 17 at 7, 17-1 at 15. Defendants cite testimony to the legislature from advocates of the law, particularly a Helena auto dealer, see doc. 23 at 7 (citing 17-1 at 21).

The legislative history cited by the parties fails to illuminate the issue presented here. Discussion in contemplation of the statutes appears to focus primarily on vehicle repairs pursuant to manufacturer warranties. See 17-1 at 17-21. To the extent the legislative history addresses the protection it would provide dealers from strict liability, it is ambiguous as to the nature to the protection. (The bill "proposes to limit dealer's liability where a defect in the product has originated with the manufacturer and exists at the time the product is resold to the general public." 17-1 at 20. The nature or degree of the "limit" is unexplained.).

**B. Similar statutes in other jurisdictions**

A few other states have statutes like the one at issue here. 4 Am. L. Prod. Liab., *New automobile dealer - Statutory limitations on liability* 3d § 95:7 ("Several states provide by statute that an automobile dealer's only responsibility for product liability, as between the dealer and the manufacturer, lies in the delivery and preparation obligations the dealer is to perform prior to delivery of a

new motor vehicle to a purchaser.") (Citing Montana, Arizona, Illinois, Idaho, and South Carolina statutes).

Idaho's statute differs significantly from Montana's, and expressly provides a right to indemnity. The remaining statutes are virtually identical to Montana's. See Arizona Revised Statutes § 28-4451, Illinois Compiled Statutes Chapter 625 § 5/5-103(a); South Carolina Code § 56-15-50.

Neither party cited a case from any state with a statute like Mont. Code Ann. § 61-4-204(4) that addresses whether the statute immunizes auto dealers from strict products liability. The court has found no such case. However, those states appear to apply their general rules of strict products liability in cases where a plaintiff has sued an automotive dealer over an allegedly defective vehicle. See e.g. *Stando v. Grossinger Motor Sales, Inc.*, 412 N.E.2d 600 (Ill. App. 1st Dist. 1980) (applying general products liability rule where Plaintiff brought action against car dealership and manufacturer on theory of strict liability.); *Sauget v. Beuckman Ford, Inc.*, 399 N.E.2d 189 (Ill. App. 5th Dist. 1979) (applying general products liability rule to seller of dump truck); *Rocky Mountain Fire and Cas. Co. v. Biddulph Oldsmobile*, 640 P.2d 851 (Ariz. 1982); *Dietz v. Waller*, 685 P.2d 744

(Ariz. 1984).[2]

## VII. Conclusion

As the removing party, Defendants have the burden to show that removal is proper. To do so, they must demonstrate that Plaintiffs obviously have no claim against Bison Motors under the well-settled law of Montana. Defendants have not met that burden. While Defendants provide one reasonable interpretation of Mont. Code Ann. § 61-4-204(4), it is certainly not "well-settled" that their interpretation is correct. The statute itself is not so plain as Defendants claim; the clause "as between the dealer and the manufacturer" suggests that the statute only affects the obligations between co-defendants, but does not alter a plaintiff's right to bring a strict products claim against the dealer. The legislative history provides little support for Defendants' position. Defendants have provided no case law directly on point, and the limited case law identified by Plaintiffs and the court suggests that other states do not interpret similar statutes to immunize auto dealers from strict product liability.

There is a possibility that a state court would find that the complaint states a cause of action against the resident defendant, so the joinder was proper and this

---

[2] Defendants correctly note that the Arizona cases discuss actions taken by the dealers with respect to the vehicles. However, those discussions dealt with whether the alleged defects existed when the vehicles left the dealer. The courts were applying strict products liability principles.

case should be remanded to the state court. *Hunter,* 582 F.3d at 1046.

This court **FINDS:**

1. Plaintiffs are citizens of the State of Montana.

2. Plaintiffs have stated a valid claim against Bison Motors Co.

3. Bison Motors Co. is a proper defendant.

4. Bison Motors Co. is a citizen of the State of Montana.

5. Complete diversity does not exist between the parties.

6. The United States District Court does not have jurisdiction over this case.

This court **RECOMMENDS:**

1. The District Court should grant Plaintiffs' Motion to Remand, Doc. 16.

2. The Clerk of Court should be directed to remand this case to the Eighth Judicial District of the State of Montana.

Dated this 3rd day of March, 2014.

Keith Strong
United States Magistrate Judge