IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT KOVAK and CONNIE DARKO, as personal representatives of the Estate of Shelby Rae Kovack,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY; TRW AUTOMOTIVE LLC.; TRW VEHICLE SAFETY SYSTEMS, INC.; FORD MOTOR CREDIT COMPANY, LLC; and BISON MOTOR CO.,<br><br>Defendants. | CV 13-98-GF-BMM<br><br><br><br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

This dispute concerns the existence of federal jurisdiction. The underlying suit regards the death of seventeen year-old Shelby Kovack, who was killed when the 2001 Ford Explorer that she was driving rolled in August 2012. (Doc. 10 at 7; doc. 39 at 1.) Plaintiffs Robert Kovack and Connie Darko, on behalf of Shelby's estate, (Plaintiffs) allege the liability of Ford Motor Company, TRW Automotive LLC, TRW Vehicle Safety Systems, Inc, Ford Motor Credit Company, LLC, and Bison Motor Company (collectively Defendants) under negligence and strict liability theories. (Doc. 10 at 2-6, 7-15.)

1

**FACTUAL BACKGROUND**

Plaintiffs filed the complaint in this case against the Defendants in the Eighth Judicial District of Montana, Cascade County on October 11, 2013. (Doc. 10 at 1.) Two of the Defendants, Ford Motor Company and Ford Motor Credit Company (collectively Ford), with the consent of all remaining Defendants, removed the case based upon diversity of citizenship on November 20, 2013. 28 U.S.C. §§ 1441(a), 1446; (doc. 1). A critical element of removal was Ford's allegation that the Plaintiffs fraudulently had joined the only non-diverse Defendant, Bison Motor Company. (*Id*. at 6-7.)

Plaintiffs moved to remand the case back to the Eighth Judicial District of Montana, Cascade County, on December 20, 2013. (Doc. 16.) The Court referred the matter to Judge Strong. (Doc. 22.) Judge Strong entered findings and recommendations on March 3, 2014. (Doc. 37 .) Judge Strong recommended that the Court remand to the Eighth Judicial District of Montana based upon the "possibility that a state court would find that the complaint states a cause of action against the resident defendant . . . ." (Doc. 37 at 8.)

Ford objected to Judge Strong's findings and recommendations on March 13, 2014. (Doc. 38) Plaintiffs responded to Ford's objections on March 27, 2014. (Doc. 39.) Title 28, Section 636(b)(1) of the United States Code entitles an objecting party to review de novo of the findings and recommendations to which

2

they object. The Court will review for clear error all other findings and recommendations. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court will adopt Judge Strong's findings and recommendations in full for the reasons discussed below.

**JURISDICTION**

Ford, with the consent of all other Defendants, removed this case pursuant to 28 U.S.C. §§ 1441(a) and 1446. The Court possesses personal jurisdiction over the parties, who either reside in Montana, or have done substantial business in Montana. FED. R. CIV. P. 4(k)(1)(A); MONT. R. CIV. P. 4(b). Subject matter jurisdiction may exist pursuant to 28 U.S.C. § 1332, based upon the diversity of the parties. Complete diversity of citizenship provides the only basis that the parties have asserted for federal jurisdiction. Whether complete diversity exists remains in dispute.

**ANALYSIS**

*Jurisdiction*

Defendants removed this action into the District of Montana "based upon the following federal jurisdiction basis: diversity of citizenship under 28 U.S.C. § 1332." (Doc. 1 at 2.) Ford qualified removal upon an exception to the requirement for complete diversity, "because the only non-diverse defendant has been fraudulently joined." (*Id.* at 3.) Plaintiffs conversely assert "colorable claims

3

against non-diverse Bison Motor Co. under Montana law," (doc. 16 at 2) and that as a result, this Court lacks jurisdiction under 28 U.S.C. § 1332. (Doc. 17 at 10.)

A party generally may remove an action from state court to federal court only where complete diversity of citizenship exists. 28 U.S.C. §§ 1332(a), 1441(b). The fraudulent joinder of a non-diverse defendant represents one exception to the requirement for complete diversity. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001). Fraudulent joinder occurs "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is *obvious* according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (emphasis added). The defendant bears the burden of proving that the requisite jurisdiction exists to support removal. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992).

The question arises whether Ford has shown an obvious failure by the Plaintiffs to state a cause of action against Bison Motor Company under Montana law. *See Hamilton Materials, Inc.*, 494 F.3d at 1206. Ford bears "the burden of proving that the plaintiff failed to state a cause of action against the resident defendant who would otherwise destroy diversity, and that the failure is obvious according to the settled law of the state." *Murakami v. E.L. DuPont De Nemours & Co.*, 191 F.3d 460 (9th Cir. 1999). Removal of this case would be improper if Ford failed to make this showing.

4

Judge Strong found that the Plaintiffs had stated a valid claim against Bison Motors Company under Montana law, and that as a result, complete diversity did not exist between the parties. (Doc. 37 at 9.) Judge Strong recommended that the case be remanded to the Eighth Judicial District of Montana, Cascade County. (*Id.*) Ford objects to Judge Strong's findings and recommendations on four grounds. (Doc. 38 at 2.)

Ford alleges first that Judge Strong failed to apply the plain language of MONT. CODE ANN. § 61-4-204(4).[1] (Doc. 38 at 4.) Ford avers that the Plaintiffs fraudulently joined Bison Ford because MONT. CODE ANN. § 61-4-204(4) immunizes Bison Ford from any theory of products liability outside of Bison Ford's delivery or preparation obligations. (Doc. 38 at 4-6.) Ford claims that Judge Strong "erred by restricting th[e] plain allocation of liability" of MONT. CODE ANN. § 61-4-204(4). (Doc. 38 at 7.)

Ford next claims that Judge Strong improperly considered and construed the legislative history of MONT. CODE ANN. § 61-4-204(4). (Doc. 38 at 7.) Ford first states that "consideration of the statute's legislative history [wa]s inappropriate and unnecessary" due to the fact that the plain language of the statute made the

---

[1] MONT. CODE ANN. § 61-4-204(4) reads, in relevant part:
> "A manufacturer shall file with the department a copy of the delivery and preparation obligations required to be performed by a dealer prior to the delivery of a new motor vehicle to a buyer. These delivery and preparation obligations constitute the dealer's only responsibility for product liability as between the dealer and the manufacturer. . . ."

5

legislature's intent apparent. (Doc. 38 at 7.) Ford argues, alternatively, that the "statute's short title," and the manner in which "it was described to the legislature," make clear that "the legislature intended to protect new motor vehicle dealers from product liability claims." (Doc. 38 at 7.) Ford identifies selected items from the legislative history in support of its argument. (Doc. 38 at 8.)

Ford further argues that Judge Strong concluded erroneously that the Plaintiffs had stated a valid claim against Bison Motor Company. (Doc. 38 at 9.) Ford contends that "Bison cannot be liable for the[ Plaintiff's] claims because they do not stem from the dealer's delivery and preparation obligations" pursuant to the plain language of MONT. CODE ANN. § 61-4-204(4). (Doc. 38 at 9.) Ford points again to carefully selected items from the legislative history in support of its position. (Doc. 38 at 9-10.)

Ford lastly argues that Judge Strong relied improperly on cases from outside of Montana to interpret MONT. CODE ANN. § 61-4-204(4). (Doc. 38 at 10.) Ford goes to great length to distinguish from the immediate dispute those Arizona and Illinois cases upon which Judge Strong relied that interpret statutes similar to Montana's. (Doc. 38 at 10-13.) Ford also claims that Judge Strong's recommendations contravene public policy. (Doc. 38 at 14-15.)

The Court must determine whether Ford has shown an "obvious" failure by the Plaintiffs to state a cause of action against Bison Motor Company under

Montana law.  *See Hamilton Materials, Inc.*, 494 F.3d at 1206.  Montana's strict liability standards stand at the center of this dispute.  These strict liability standards establish the likelihood of Ford showing successfully an obvious failure by the Plaintiffs.

In order to establish a prima facie case of strict liability in Montana, a plaintiff must prove that (1) the product was in a defective condition, "unreasonably" dangerous to the user or consumer; (2) the defect caused the accident and injuries at issue; and (3) the defect is traceable *to the defendant*.  *Meyer v. Creative Nail Design, Inc.*, 1999 MT 74, ¶ 21, 294 Mont. 46, 294, 975 P.2d 1264, 1268 (emphasis added).  Montana's Supreme Court has recognized that Montana's strict liability law encompasses a heavy burden, and emphasizes maximum protection for the consumer.  *Malcolm v. Evenflo Co., Inc.*, 2009 MT 285, ¶ 87, 352 Mont. 325, 349, 217 P.3d 514, 530.

The Plaintiffs have alleged, at a minimum, that the Explorer's "safety seatbelt system[s] . . . are defective and unreasonably dangerous by design," (doc. 10 at 7), the "design defects were a proximate and producing cause of the rollover event," (doc. 10 at 9), and "the Ford Defendants [Ford Motor Company, Ford Motor Credit Company, LLC, and Bison Motor Company] were sellers of the subject vehicle." (doc. 10 at 9.)  The Plaintiff's pleadings appear to state, at least

7

facially, a cause of action against Bison Motor Company under Montana law. *See Hamilton Materials, Inc.*, 494 F.3d at 1206.

Ford argues that MONT. CODE ANN. § 61-4-204(4), destroys the Plaintiff's cause of action against Bison Motor Company. Ford has argued this point in a variety of ways. Despite the fact that no Montana Court has yet interpreted MONT. CODE ANN. § 61-4-204(4), the plain language of MONT. CODE ANN. § 61-4-204(4) fails to foreclose the Plaintiff's claims in the manner that Ford suggests.

"Statutory interpretation, the goal of which is to give effect to the legislature's intent, begins with the text of the statute." *Giacomelli v. Scottsdale Ins. Co.*, 354 Mont. 15, 19, 221 P.3d 666, 669 (2009). The statute contains an allocation of "responsibility for product liability *as between the dealer and the manufacturer . . . .*" MONT. CODE ANN. § 61-4-204(4) (emphasis added). It also contains a requirement that the manufacturer inform the State of Montana Department of Justice of the dealer's obligations for delivery and preparation. MONT. CODE ANN. § 61-4-204(4).

The statute fails to pronounce any allocation of strict liability between the buyer and a third-party. MONT. CODE ANN. § 61-4-204(4). Ford asks the Court, in effect, to read a sweeping immunity from all products liability claims into the provision that clearly limits the statute's application to "responsibility for product liability as between the dealer and the manufacturer." MONT. CODE ANN. § 61-4-

204(4). The Court's role in interpreting statutory language is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. *Stenstrom v. State*, 280 Mont. 321, 327, 930 P.2d 650, 654 (1996). The plain text of the statute fails to restrict the Plaintiff's ability to proceed under a strict liability theory against Bison Motor Company. MONT. CODE ANN. § 61-4-204(4). The Court declines to insert language into the statute that the Montana legislature omitted. *Stenstrom*, 280 Mont. at 327.

Moreover, even if the Court were to deem the statutory language ambiguous, a fair reading of the entire legislative history indicates that the statute sought to address conflicts between automobile manufacturers and automobile dealers in Montana. Those conflicts included alleged arbitrary decisions by manufacturers to close local facilities or to decline to approve sales of local dealerships. The legislative history also contains repeated discussions of disputes regarding refusals by manufacturers to reimburse dealers for warranty work. The legislative history contains scant discussion of any intent to carve out an exception for automobile dealers from Montana's strict liability standards. The legislative history fails to persuade the Court that the legislature sought to immunize automobile dealerships in Montana from products liability cases filed by third parties in this same statute.

Ford has failed to demonstrate an "obvious" failure by the Plaintiffs to state a cause of action against Bison Motor Company under Montana law. *See Hamilton Materials, Inc.*, 494 F.3d at 1206. Ford's failure to demonstrate an obvious failure means that the Plaintiff's naming of Bison Motor Company as a defendant does not constitute fraudulent joinder. *Id.* Bison Motor Company represents a viable defendant against whom the Plaintiffs may proceed under Montana law. *Id.* The presence of Bison Motor Company destroys complete diversity of the parties. 28 U.S.C. § 1332(a). This Court lacks jurisdiction as a result. 28 U.S.C. 1332(a). The lack of jurisdiction prohibits analysis of any remaining arguments on the merits.

***Attorney Fees and Costs Incurred Due to Removal***

The Plaintiffs further ask the Court to order the Defendants to reimburse the Plaintiffs for reasonable attorneys fees incurred as a result of the removal. (Doc. 39 at 2, 10.); *Moore v. Permanente Medical Group*, 981 F.2d 443, 448 (9th Cir.1992) ("[a]n award of attorney fees pursuant to 28 U.S.C. § 1447(c) . . . is within the discretion of the district court, and bad faith need not be demonstrated"). The United States Supreme Court overruled *Moore* in 2005, and held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). An objectively reasonable basis exists in the potential to show a failure to state a cause of action against a single non-diverse

defendant under forum state law. *See Hamilton Materials, Inc.*, 494 F.3d at 1206. Despite the fact that Ford failed to make that showing, the objectively reasonable basis forecloses the Plaintiff's request for attorney fees. *See Martin*, 546 U.S. at 136.

*Findings and Recommendations*

The Court reviews for clear error the remainder of Judge Strong's findings and recommendations. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir.2000).

Judge Strong recommended that the Court grant Plaintiff's Motion to remand. (Doc. 16.) At the outset, Judge Strong stated correctly the standards applicable to review of a claim of fraudulent joinder. Judge Strong proceeded to analyze the parties' claims under those standards.

Judge Strong concluded that no fraudulent joinder existed, and that remand to the Eighth Judicial District of Montana, Cascade County, was appropriate. No clear error exists in Judge Strong's findings or recommendations. Therefore, **IT IS ORDERED,**

1. Plaintiff's motion to remand (Doc. 16) is **GRANTED**;

2. Plaintiff's motion for attorney fees and costs (Doc. 39) is **DENIED**;

3. The Clerk shall remand this case to the Eighth Judicial District of Montana, Cascade County.

Dated the 1st day of April, 2014.

_____
Brian Morris
United States District Court Judge